**Curtis J. LOVE, Plaintiff-Appellant,**

**v.**

**Ray SHEFFIELD, et al.,**
**Defendants-Appellees.**

**No. 84–7665.**

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 1985.

Curtis J. Love, pro se.

Helen Johnson Alford, Mobile, Ala., for defendants-appellees.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

This is a 42 U.S.C. § 1983 civil rights action brought by a pretrial detainee, Curtis Love, against the Sheriff of Clarke County, Alabama, and several of his employees. Love's complaint alleged that, while he was being held in the county jail awaiting trial, the defendants deliberately confined him with violent prisoners, who assaulted and injured him, and refused to

provide him with medical care for his injuries.

The district court referred the case to a magistrate who conducted an evidentiary hearing before a jury. At the close of the plaintiff's case in chief, the magistrate concluded that the defendants were entitled to a directed verdict and terminated the hearing. In his report to the district court, he recommended that the case be dismissed. The district court accepted the recommendation and entered judgment for the defendants.

In making his recommendation, the magistrate relied on the Supreme Court's decision in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and the panel opinion of this court in *Gilmere v. City of Atlanta,* 737 F.2d 894 (11th Cir. 1985), *reh'g en banc granted,* 737 F.2d 912. In *Parratt,* a prisoner sued state prison officials under section 1983 to recover the value of a hobby kit that had been mailed to the prisoner and lost by the officials, apparently because they failed to follow the prison procedures for handling mail. The prisoner alleged that the officials' action had deprived him of his property without due process of law. The Supreme Court held that the State had not deprived the prisoner of due process, because the defendants' action had been random and unauthorized and the State, by providing the prisoner a make-whole damages remedy enforceable against the officials in state court, had accorded him all the process that was due under the circumstances.

*Parratt's* rationale governs claims alleging only the violation of the fourteenth amendment due process clause *simpliciter. Parratt,* 451 U.S. at 536, 101 S.Ct. at 1913. It does not govern the disposition of claims based on an alleged denial of *substantive* constitutional guarantees. *Id.* In *Gilmere,* the en banc court held that the police officers' treatment of *Gilmere's* decedent transgressed the decedent's right to *substantive* due process and thus made out a cause of action under section 1983 despite the fact that the officers' allegedly tortious conduct was random and unauthorized and the State of Georgia provided a make-whole damages remedy. *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985) (en banc). We said that substantive due process claims challenging "government actions that, even if undertaken with a full panoply of procedural protection, are, in and of themselves, antithetical to fundamental notices of due process," 451 U.S. at 545, 101 S.Ct. at 1918, may be asserted in federal court regardless of the existence of a state tort remedy designed to compensate the injured party for the conduct. Love's allegations invoked the same sort of substantive due process guarantees involved in *Gilmere.*

In their motion for a directed verdict, the defendants asserted that Love's evidence was not sufficient to establish a prima facie case. Although the district court did not rely on this ground in ruling on the defendants' motion, they ask us to affirm the district court on this alternative ground. In determining whether a party's evidence is sufficient to withstand a directed verdict motion, the court must apply the principles articulated in *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir.1969). The court must view all the evidence, together with all logical inferences flowing from the evidence, in the light most favorable to the nonmovant.

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

411 F.2d at 374–75. Our review of the evidence adduced by Love before the magistrate indicates that a reasonable person could find that the defendants were aware of both the danger to Love and his need for medical care and yet chose not to take

reasonable steps to protect and care for him. Accordingly, a directed verdict was not warranted, and Love is entitled to a new trial.

REVERSED and REMANDED.

TJOFLAT, Circuit Judge, specially concurring:

I concur in the court's disposition because I believe it to be mandated by the en banc court's holdings in *Gilmere*. I concur specially because I believe the en banc court's refusal to reject *Gilmere*'s due process claims as being foreclosed by *Parratt v. Taylor* was wrong. Were I writing on a clean slate, as the panel was in *Gilmere*, I would affirm the district court's judgment.